UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-81163-CIV-MARRA/JOHNSON

SECURITIES AND EXCHANGE COMMISSION, )
)
        **Plaintiff,** )
)
v. )
)
VINCENT CAMMARATA, )
REX A. MORDEN, and )
AFFINITY FINANCIAL GROUP, INC., )
d/b/a TITAN CAPITAL STOCKS, )
)
        **Defendants.** )
_____ )

FILED by JC D.C.
ELECTRONIC

DEC. 7, 2007

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## COMPLAINT

Plaintiff Securities and Exchange Commission alleges as follows:

### I. INTRODUCTION

1. This matter concerns a fraudulent scheme by Defendants Affinity Financial Group, Inc. d/b/a Titan Capital Stocks, Vincent Cammarata, and Rex A. Morden to manipulate the market for WaterBank of America (USA), Inc. stock in violation of the federal securities laws.

2. In November and December 2006, the Defendants participated in a scheme in which they agreed to pay an illegal kickback to a purported West Palm Beach, Florida-based hedge fund advisor to induce the hedge fund to purchase shares of WaterBank stock. Unbeknownst to the Defendants, the person posing as the corrupt hedge fund investment advisor was actually an undercover FBI agent.

3. Cammarata and Morden are stock promoters who were trying to solicit interest in purchasing WaterBank stock. Cammarata and Morden orchestrated a plan by which they

arranged to pay the agent posing as the investment adviser 30% of the proceeds from the hedge fund's purchase of WaterBank shares as a kickback. The deal was culminated on December 7, 2006.

4. By virtue of their conduct, the Defendants violated Section 17(a) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77q(a); and Section 10(b) and Rule 10b-5 of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b) and 17 C.F.R. §240.10b-5.

5. The Commission requests the Court to enter (1) a permanent injunction restraining and enjoining the Defendants from violating the federal securities laws, (2) an order directing Cammarata to disgorge all profits or proceeds he received as a result of the acts and/or courses of conduct complained of, with prejudgment interest, (3) an order directing the Defendants to pay civil money penalties, and (4) an order barring Cammarata and Morden from participating in any offering of penny stock.

## II. DEFENDANTS AND RELEVANT ENTITY

### A. Defendants

6. Cammarata, 33, is a stock promoter who resides in New York, New York. He is presently on supervised release, having served three years in federal prison in New York for drug related offenses.

7. Morden, 57, is a stock promoter who resides in Henderson, Nevada. He is President, sole Director and sole shareholder of Affinity. He is also a principal of Capital Media, Inc., a Nevada corporation that provides brand marketing services to WaterBank.

8. Affinity, which does business as "Titan Capital Stocks," is a Nevada corporation in the business of providing consulting services.

### B. Relevant Entity

9. WaterBank is a Utah corporation with its main offices in Miami, Florida. The company purports to manufacture and distribute prepackaged ice cubes. WaterBank became publicly traded in October 2006 after a reverse merger with a Utah-based publicly traded company. Waterbank's securities are registered with the Commission and its stock is quoted on the Pink Sheets (symbol "WBKA").

10. WaterBank's stock is penny stock. Section 3(a)(51) and Rule 3a51-1 of the Exchange Act define a penny stock as any equity security, other than those securities that are specifically excluded in Rules 3a51-1(a)-(g). The WaterBank stock does not qualify for any of the exclusions, and at all times relevant to this Complaint was priced at less than $5. In addition, it did not have net tangible assets or average revenues in excess of $2,000,000 to qualify for the exclusion in Rule 3a51-1(g).

### III. JURISDICTION AND VENUE

11. The Court has jurisdiction over this action pursuant to Sections 20(d) and 22(a) of the Securities Act, 15 U.S.C. §§ 77t(d) and 77v(a); and Sections 21(d) and 27 of the Exchange Act, 15 U.S.C. §§ 78u(d) and 78aa.

12. This Court has personal jurisdiction over the Defendants, and venue is proper in the Southern District of Florida, because many of the Defendants' acts and transactions constituting violations of the Securities Act and the Exchange Act occurred in the Southern District of Florida. For example, the agent was located in West Palm Beach, Florida. Additionally, Affinity wired the kickback to a bank account in West Palm Beach and the agent used a West Palm Beach bank account to wire Cammarata his share of the kickback.

13. In connection with the conduct alleged in this Complaint, the Defendants, directly or indirectly, singly or in concert with others, have made use of the means or instrumentalities of interstate commerce, the means or instruments of transportation and communication in interstate commerce, and the mails.

## IV. THE FRAUDULENT SCHEME

14. Cammarata and Morden are stock promoters. Cammarata was introduced to the agent as someone who could identify companies interested in selling their stock. In November 2006, Cammarata made an arrangement with the agent for Cammarata to receive five percent of any kickback in exchange for referring individuals seeking to sell stock. Cammarata then introduced Morden to the agent as someone who would pay a kickback to induce the purchase of WaterBank shares.

15. On November 20, 2006, the agent contacted Morden. Morden explained that the owner of the shares was actually an independent company ("Stock Owner"). Morden said the Stock Owner wanted to sell 200,000 shares of WaterBank stock and agreed to pay the agent 30% of the price the agent's hedge fund paid as a kickback to induce the purchase of these shares.

16. The agent informed Morden and Cammarata he owed a fiduciary duty to the hedge fund, and there would be a problem with the Commission if the kickback were discovered. He therefore suggested the kickback should remain undisclosed and paid to a third party. Morden then suggested creating a phony consulting fee agreement to conceal the kickback.

17. Morden prepared the bogus consulting agreement between Affinity and a shell company the agent's purported girlfriend owned. The girlfriend was actually a second undercover agent. Morden told the agent to make sure the "girlfriend's" company submitted an invoice with fees and expenses adding up to the kickback of 30% of the purchase price.

18. On November 29, 2006, Morden told the agent he was ready to initiate the sale of WaterBank shares. Morden directed the Stock Owner to deposit 50,000 shares into Morden's brokerage account. To ensure the agent was buying the Stock Owner's shares rather than shares off the street, Morden instructed his broker to lower the offer price for the shares so it was the lowest available price on the market.

19. On December 7, 2006, Morden's broker told the agent to bid on a purchase price of $1.90 per share, which was lower than the quoted price at that time. The agent used an E-Trade account to purchase 2,300 WaterBank shares for $1.90 per share, purportedly on behalf of the hedge fund. After making the purchase, the agent confirmed with Morden's broker by telephone that the hedge fund had purchased shares belonging to the Stock Owner. The agent then purchased another 2,700 shares at the same price, for a total of 5,000 shares at $1.90 a share.

20. These trades were publicly reported. The average daily trading volume for WaterBank shares in the prior ten days was approximately 13,000 shares, and the hedge fund's purchase constituted 23% of the trading volume on December 7, 2006.

21. Also on December 7, Affinity wired the kickback in the amount of $2,850 (30% of 5,000 shares at $1.90 a share) to the account given by the second agent's phony consulting company. The agent, in turn, wired $475 (5% of 5,000 shares at $1.90) to Cammarata as his compensation in the deal.

## COUNT I

### Fraud In Violation of Section 17(a)(1) of the Securities Act

22. The Commission repeats and realleges paragraphs 1 through 21 of its Complaint.

23. In November and December 2006, the Defendants directly and indirectly, by use of the, means or instruments of transportation or communication in interstate commerce and by use of the mails, in the offer or sale of securities, as described in this Complaint, knowingly, willfully or recklessly employed devices, schemes or artifices to defraud.

24. By reason of the foregoing, the Defendants, directly and indirectly, have violated and, unless enjoined, will continue to violate Section 17(a)(l) of the Securities Act, 15 U.S.C. §77q(a).

## COUNT II

### Fraud in Violation of Section 10(b) and Rule 10b-5 of the Exchange Act

25. The Commission repeats and realleges paragraphs 1 through 21 of its Complaint.

26. In November and December 2006, the Defendants, directly and indirectly, by use of the means and instrumentality of interstate commerce, and of the mails in connection with the purchase or sale of securities, knowingly, willfully or recklessly: (a) employed devices, schemes or artifices to defraud; (b) made untrue statements of material facts and omitted to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or (c) engaged in acts, practices and courses of business which have operated, are now operating and will operate as a fraud upon the purchasers of such securities.

27. By reason of the foregoing, the Defendants have directly or indirectly violated and, unless enjoined, will continue to violate Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5, 17 C.F.R. § 240.

## RELIEF REQUESTED

**WHEREFORE**, the Commission respectfully requests that the Court:

### I.

### Declaratory Relief

Declare, determine, and find that the Defendants have committed the violations of the federal securities laws alleged in this Complaint.

### II.

### Permanent Injunctive Relief

Issue a Permanent Injunction restraining and enjoining the Defendants, their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, and each of them, from violating Section 17(a) of the Securities Act and Section 10(b) and Rule 10b-5 of the Exchange Act, as indicated above.

### III.

### Disgorgement

Issue an Order directing Cammarata to disgorge all ill-gotten gains, including prejudgment interest, resulting from the acts or courses of conduct alleged in this Complaint.

## IV.

## Penalties

Issue an Order directing all Defendants to pay civil money penalties pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d); and Section 21(d) of the Exchange Act, 15 U.S.C. § 78(d)(3).

## V.

## Penny Stock Bars

Issue an Order barring Cammarata and Morden from participating in any offering of penny stock, pursuant to Section 20(g) of the Securities Act, 15 U.S.C. § 77t(g), and Section 21(d) of the Exchange Act,15 U.S.C. § 78u(d), for the violations alleged in this Complaint.

## VI.

## Further Relief

Grant such other and further relief as may be necessary and appropriate.

## VII.

## Retention of Jurisdiction

Further, the Commission respectfully requests that the Court retain jurisdiction over this action in order to implement and carry out the terms of all orders and decrees that it may enter, or to entertain any suitable application or motion by the Commission for additional relief within the jurisdiction of this Court.

Respectfully submitted,

December 7, 2007          By:  _____
Arnie Riggle Berlin
Senior Trial Counsel
Florida Bar No. 0630020
Direct Dial: (305) 982-6322
berlina@sec.gov

Thierry Olivier Desmet
Branch Chief
Florida Bar No. 0143863
Direct Dial: (305) 982-6374

Brian P. Knight
Senior Counsel
Florida Bar No. 0993662
Direct Dial: (305) 982-6385

Attorneys for Plaintiff
**SECURITIES AND EXCHANGE COMMISSION**
801 Brickell Avenue, Suite 1800
Miami, Florida 33131
Telephone: (305) 982-6300
Facsimile:  (305) 536-4154

9

JS 44 (Rev. 11/05)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

### I. (a) PLAINTIFFS
SECURITIES AND EXCHANGE COMMISSION

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Amie Riggle Berlin, Esq. (305) 982-6322
Securities and Exchange Commission
801 Brickell Avenue, Suite 1800, Miami, FL 33131

### DEFENDANTS
VINCENT CAMMARATA, REX A. MORDEN, AND AFFINITY FINANCIAL GROUP, INC.

County of Residence of First Listed Defendant NEW YORK
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

Attorneys (If Known)

**(d)** Check County Where Action Arose: ☐ MIAMI-DADE ☐ MONROE ☐ BROWARD ☑ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

*Handwritten: West Palm Beach 07-81163-CIV-Marra/Johnson*

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
☑ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☒ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability |  ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land |  ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights |  |  |  |
|  | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition |  |  |  |

### V. ORIGIN (Place an "X" in One Box Only)
☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. RELATED/RE-FILED CASE(S).
(See instructions second page):
a) Re-filed Case ☐ YES ☑ NO   b) Related Cases ☐ YES ☑ NO
JUDGE _____   DOCKET NUMBER _____

### VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (**Do not cite jurisdictional statutes unless diversity**):
15 U.S.C. § 77q(a); 15 U.S.C. 78j(b) and 17 C.F.R. § 240. 10b-5. Violations of the federal securities laws.
LENGTH OF TRIAL via _5_ days estimated (for both sides to try entire case)

### VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ Perm. Injunction, Disgorgement, Civil Penalty, Penny Stock Bar
JURY DEMAND: ☐ Yes ☑ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE
SIGNATURE OF ATTORNEY OF RECORD *[signature]*
DATE 12/7/07

**FOR OFFICE USE ONLY**
AMOUNT _____   RECEIPT # _____   IFP _____