UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 07-81162-CIV-MIDDLEBROOKS/JOHNSON
(as consolidated with Case No. 07-81161; 07-81163; 07-81164; and 07-81165)

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

MARK FOGLIA and
WESTERN FINANCIAL SERVICES, INC.,

    Defendants (consolidated).
_____/

## JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF AS TO DEFENDANT VINCENT CAMMARATA

Plaintiff Securities and Exchange Commission commenced this action by filing its Complaint in Case No. 07-81163 against, among others, Defendant Vincent Cammarata. In its Complaint, the Commission sought, among other relief against Cammarata, a permanent injunction to prohibit violations of Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)], and Section 10(b) and Rule 10b-5 of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b-5]; a penny stock bar; disgorgement and prejudgment interest; and a civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)], and Section 21(d) of the Exchange Act [15 U.S.C. § 78(d)(3)].

Cammarata, by virtue of the attached Consent, having entered an appearance and consented to the Court's jurisdiction over him and over the subject matter of this action, has consented to entry of this Judgment of Permanent Injunction and Other Relief ("Judgment") without admitting or denying the allegations of the Complaint (except as to subject matter and personal jurisdiction); waived findings of fact and conclusions of law; and waived any right to

appeal from the Judgment. This Court having accepted such Consent, having jurisdiction over Cammarata and the subject matter of this action:

## I.

### SECTION 17(a) OF THE SECURITIES ACT

**IT IS ORDERED AND ADJUDGED** that Cammarata, his officers, agents, servants, representatives, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifices to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

## II.

### SECTION 10(b) and RULE 10b-5 OF THE SECURITIES ACT

**IT IS FURTHER ORDERED AND ADJUDGED** that Cammarata, his officers, agents, servants, representatives, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) and

Rule 10b-5 of the Exchange Act [15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

### III.

### PENNY STOCK BAR

**IT IS FURTHER ORDERED AND ADJUDGED** that Cammarata is permanently barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. § 240.3a51-1].

### IV.

### DISGORGEMENT

**IT IS FURTHER ORDERED AND ADJUDGED** that Cammarata is liable for disgorgement of $475.00, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $35.79, for a total of $510.79. Cammarata shall satisfy this obligation by paying $510.79 within ten business days

after entry of this Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Cammarata's name as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Judgment. Cammarata shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

## V.

### CIVIL PENALTY

**IT IS FURTHER ORDERED AND ADJUDGED** that Cammarata shall pay a civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d) of the Exchange Act [15 U.S.C. § 78u(d)]. The Court shall determine the amount of civil penalty upon motion of the Commission. In connection with the Commission's motion for civil penalties, and at any hearing held on such a motion: (a) Cammarata will be precluded from arguing he did not violate the federal securities laws as alleged in the Complaint; (b) Cammarata may not challenge the validity of the Consent or this Judgment; (c) solely for the purposes of such motion, the Court shall deem as true and accept the allegations of the Complaint; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regards to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure

## VI.

### INCORPORATION OF CAMMARATA'S CONSENT

**IT IS FURTHER ORDERED AND ADJUDGED** that the Consent of Cammarata is incorporated herein with the same force and effect as if fully set forth herein, and that Cammarata shall comply with all of the undertakings and agreements set forth herein.

## VII.

### RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED AND ADJUDGED** that the Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

## VIII.

### CERTIFICATION UNDER RULE 54(b)

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

**DONE AND ORDERED** this _21_ day of _March_, 2008 at West Palm Beach, Florida.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT COURT JUDGE

Copies to all counsel and parties of record