UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 07-81162-CIV-MIDDLEBROOKS/JOHNSON
(as consolidated with Case No. 07-81161; 07-81163; 07-81164; and 07-81165)

SECURITIES AND EXCHANGE COMMISSION,
    Plaintiff,
v.
MARK FOGLIA *et al.*,
    Defendants (consolidated).
_____/

**CLOSED CIVIL CASE**

### FINAL JUDGMENT IMPOSING CIVIL PENALTIES AGAINST DEFENDANTS VINCENT CAMMARATA, REAL ASSET MANAGEMENT GROUP, LLC, AFFINITY FINANCIAL GROUP, INC., AND WESTERN FINANCIAL SERVICES, INC., & IMPOSING PERMANENT PENNY STOCK BAR AGAINST DEFENDANT REX MORDEN

THIS CAUSE comes before the Court upon Plaintiff's Amended Motion (DE 86) to Set Penalty Amounts Against Defendants Vincent Cammarata ("Cammarata"), Affinity Financial Group, Inc. ("Affinity"), Real Asset Management, LLC ("RAM"), and Western Financial Services, Inc. ("Western Financial"), and for a permanent penny stock bar against Rex Morden ("Morden"), filed on July 7, 2009. Defendant RAM responded in opposition (*see* DE 87), as did Defendants Morden and Affinity Financial (*see* DE 90).[1] Defendant Western Financial does not oppose the relief sought. *See* DE 86, p. 1. I have reviewed the relevant parts of the record and am otherwise fully advised in the premises. Having considered the arguments of all parties, I find that Plaintiff, The Securities and Exchange Commission, has provided sufficient factual and legal justification for the amounts of civil penalties and the permanent penny stock bar it seeks.

---

[1] Defendant Cammarata did not substantively respond to Plaintiff's Amended Motion, but he did file a motion to appoint counsel in closed Case No. 07-81163 (DE 64), which was denied. *See* DE 66 in Case No. 07-81163; DE 92 in Case No. 07-81162.

1

Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

(1) Plaintiff's Motion (DE 86) is **GRANTED**.

(2) Defendants Cammarata, Affinity, RAM, and Western Financial shall each pay a civil money penalty pursuant to Section 20(d) of the Securities Act of 1933 and Section 21(d)(3) of the Securities Exchange Act of 1934.

(3) Final Judgment is entered against each of Defendants Cammarata, Affinity, RAM, and Western Financial **in the amount of $25,000 apiece**, representing the civil money penalty against each of them, for which sum let execution issue. Post-judgment interest shall begin to accrue thirty (30) days after the date of the Order at the applicable statutory rate.

(4) Defendants Cammarata, Affinity, RAM, and Western Financial shall pay the Final Judgment **within thirty (30) days** to the Registry of this Court by cashier's check, certified check, or postal money order, under the cover of a letter that
   (a) identifies the name and number of this action ("Case No. 07-81162-CIV-MIDDLEBROOKS, SECURITIES AND EXCHANGE COMMISSION, Plaintiff, v. MARK FOGLIA et al., Defendants (consolidated).");
   (b) includes a copy of this Final Judgment; and
   (c) sends a copy of all documents to Amie R. Berlin, Esq., Securities and Exchange Commission, 801 Brickell Avenue, Suite 1800, Miami, FL, 33131.

(5) The penny stock bar previously ordered against Defendant Morden in the May 15, 2008 Final Judgment (DE 68) is hereby a **permanent penny stock bar**.

(6) The Court finding no just reason for delay, pursuant to Rule 54(b) of the FED.R.CIV.P., the Clerk of the Court shall enter this Final Judgment forthwith and without further notice.

(7) All matters in this case having been resolved, this case is **CLOSED** for administrative purposes, and all pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida, this 10 day of August, 2009.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies to all counsel and parties of record.

2